ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI[1]

| | | |
|---|---|---|
| JEFFREY SCOTT FOLTZ<br><br>Apelante<br><br>V.<br><br>PATRICIA MARIE FOLTZ<br><br>Apelado | TA2025CE00283 | *Certiorari* acogido como *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025RF00342<br><br>Sobre: Divorcio - Ruptura Irreparable |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2025.

Comparece ante nos el señor Jeffrey Scott Foltz (señor Foltz o apelante) y nos solicita que revoquemos el dictamen emitido el 18 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario),[2] mediante el cual archivó la causa de acción de divorcio por ruptura irreparable instada por el apelante en contra de la señora Patricia Marie Foltz (señora Foltz o apelada).

Por los fundamentos que se esbozan a continuación, confirmamos el dictamen apelado.

**I.**

El señor Folz instó la demanda de epígrafe el 5 de junio de 2025, mediante escrito intitulado *Petition for Divorce*.[3] Como parte de sus alegaciones expuso que, el 21 de octubre de 1994 en el Estado de Ohio, contrajo nupcias con la apelada. Asimismo, indicó que, a la fecha de interponer la presente causa de acción, ha residido

---

[1] DJ-2025-063.
[2] SUMAC TPI, Entrada Núm. 16. Notificada el 21 de julio de 2025.
[3] *Íd.*, Entrada Núm. 1.

en la jurisdicción de Puerto Rico por más de un (1) año y que las partes procrearon hijos en común, quienes han advenido a la mayoría de edad. Además, sostuvo que en el matrimonio existe una ruptura irreparable de los nexos de convivencia matrimonial, por lo que solicitó al foro primario que decretara el matrimonio como roto y disuelto.

Con posterioridad, informó que, el 11 de junio de 2025, la apelada fue emplazada personalmente en Estados Unidos y que aguardaba por el envío de la declaración jurada de la compañía emplazadora en la que se acreditaba la referida gestión.[4] El TPI dio por enterado lo informado por el apelante, fijó el 11 de julio de 2025 como la fecha de vencimiento para presentar la alegación responsiva, señaló una vista de divorcio para el 23 de julio de 2025 y ordenó la asignación de un intérprete a cada una de las partes en dicha vista.[5] Transcurrido el término para acreditar la alegación responsiva, el 16 de julio de 2025, el foro *a quo* emitió y notificó una orden en la que, *motu proprio*, anotó la rebeldía a la señora Foltz.[6]

No obstante, el 17 de julio de 2025, la apelada compareció ante el foro primario sin someterse a la jurisdicción y presentó una *Moción Urgente Solicitando Desestimación.*[7] En síntesis, planteó que, el 28 de mayo de 2025, instó un pleito de divorcio y otros remedios en contra del apelante ante el Tribunal de Circuito del Cuarto Circuito Judicial en el Condado de Duval del Estado de Florida, y que dicha causa de acción se encuentra activa. En adición, sostuvo que los reclamos que realiza en la antedicha acción incluyen asuntos estrictos que deben ser considerados en el foro judicial de Florida.

---

[4] SUMAC TPI, Entrada Núm. 6.
[5] SUMAC TPI, Entrada Núm. 10.
[6] *Íd.,* Entrada Núm. 12.
[7] *Íd.,* Entrada Núm. 13.

Asimismo, adujo que el último domicilio conyugal de ambas partes fue en la ciudad de Jacksonville, Florida, en donde actualmente reside. Igualmente, esgrimió que los días 5, 10 y 13 de junio de 2025, intentó emplazar al señor Foltz en su residencia en Carolina, Puerto Rico, pero todos los intentos resultaron infructuosos.

Sostuvo, además, que su representante legal en los asuntos en Florida tuvo comunicación con el representante legal del apelante sobre una posible extensión del término para presentar la alegación responsiva en el caso de epígrafe y que éste le indicó no tener objeción a ello. Igualmente, sostuvo que, el 10 de julio de 2025, intentó solicitar a TPI, por derecho propio, una prórroga para presentar su alegación responsiva y que cursó copia de ello al apelante, por conducto de su representante legal, así como a la dirección del Tribunal de Distrito de Estados Unidos situado en el Viejo San Juan.[8]

Asimismo, solicitó que, al amparo de la doctrina de *forum non conveniens*, el foro *a quo* desestimara el presente caso de manera que los procedimientos ante el tribunal de Florida continuaran su curso. Arguyó que procedía su solicitud toda vez que reside en el estado de Florida, no habla el idioma español, no mantiene lazos o vínculos en la jurisdicción de Puerto Rico, además de que desconoce su sistema de derecho, y fue diligente al presentar oportunamente y con anterioridad al caso de autos, el pleito de divorcio ante el foro extranjero.

En la medida de que no se desestimara el caso de autos, la señora Foltz solicitó al TPI que le concediera un término de quince

---

[8] Aunque la señora Foltz, al aducir a estas gestiones, hizo referencia al anejo 3, intitulado *Anejo 3, Carta Enviada Pro Se a Aboagado* [sic] *y a Tribunal,* el antedicho documento consta de una carta de su abogada en los procedimientos ante el foro de Florida dirigida a su representante legal en el caso de epígrafe.

(15) días adicionales para presentar una alegación responsiva y que suspendiera la vista de divorcio señalada para el 23 de julio de 2025.

Por su parte, el 18 de julio de 2025, el señor Foltz presentó una *Oposición a Desestimación y Solicitud de Orden*.[9] En síntesis, sostuvo que la moción presentada por la apelada no cumplía con los elementos necesarios para ser considerada como una moción de desestimación. Ello por cuanto la doctrina de *forum non conveniens* es una doctrina de abstención judicial de naturaleza discrecional y que las Reglas de Procedimiento Civil contienen criterios específicos por los que se puede solicitar la desestimación de una demanda.

Sostuvo que la doctrina de *forum non conveniens* no es aplicable al presente caso toda vez que el foro judicial de Florida no ha asumido jurisdicción en la causa de acción presentada ante sí. Si bien negó tener conocimiento sobre la demanda presentada en el estado de Florida, arguyó que la señora Foltz no había sido diligente en el trámite del emplazamiento, de manera que el único foro con jurisdicción sobre la materia e *in personam* sobre ambas partes era el foro judicial de Puerto Rico. De igual forma, se opuso a las demás solicitudes interpuestas por la apelada relacionadas al manejo procesal del caso y sobre el levantamiento de la anotación de rebeldía.

Justipreciado el petitorio dispositivo así como la oposición, el 18 de julio de 2025, el foro *a quo* emitió el dictamen apelado, el cual fue intitulado *Sentencia Final, Sentencia (Archivo por Duplicidad Regla 39.2b)*.[10] Dictaminó que las controversias del presente caso debían ser atendidas dentro de la causa de acción presentada ante el foro judicial de Florida y, consecuentemente, decretó el archivo del presente caso para evitar la duplicidad de los procedimientos o determinaciones inconsistentes.

---

[9] SUMAC TPI, Entrada Núm. 15.
[10] *Íd.*, Entrada Núm. 16. Notificada el 21 de julio de 2025.

Oportunamente, el señor Foltz solicitó reconsideración.[11] Arguyó que, la determinación del TPI provocaría un grave fracaso de la justicia y lo obligaría a mantenerse casado con la señora Foltz, además de que lo privaría de remedios. Resaltó que la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, no se refiere a duplicidad de procedimientos sino a la inactividad procesal durante el periodo de seis (6) meses en las acciones civiles, y ello no era de aplicación al caso.

Asimismo, rechazó que el caso ante el foro judicial de Florida deba considerarse como uno activo ya que el único foro judicial con jurisdicción sobre la materia y la persona era el de Puerto Rico, de manera que no existían foros con jurisdicción concurrentes. Por consiguiente, adujo que la doctrina de *forum non conveniens* no era de aplicación al presente asunto toda vez que esta presupone que ambos foros poseen jurisdicción.

De igual forma, expuso que la apelada no demostró por qué el foro de Florida era el más conveniente. En adición, reiteró que la presentación de una demanda no era suficiente para establecer la aplicabilidad de la figura de *forum non conveniens* y resaltó que ha residido en Puerto Rico durante un periodo mínimo de seis (6) años.

Tras evaluar los referidos planteamientos, el TPI emitió una *Orden* en la que denegó la solicitud de reconsideración.[12] En su resolución consignó que, la señora Foltz presentó el pleito de divorcio en el estado de Florida con anterioridad a la presentación del caso de marras e intentó en tres (3) ocasiones emplazar al señor Foltz. Resaltó que, el apelante presentó su demanda el mismo día en que la apelada intentó emplazarlo por primera vez. Asimismo, expuso que, el señor Foltz no negó lo aducido por la señora Foltz en

---

[11] SUMAC TPI, Entrada Núm. 17.

[12] SUMAC TPI, Entrada Núm. 19. Notificada el 29 de julio de 2025. Cabe señalar que el foro primario enmendó *nunc pro tunc* el dictamen emitido el 18 de julio de 2025 a los únicos fines de eliminar el subtítulo *Sentencia (Archivo por Duplicidad Regla 39.2b)* por tratarse de un error de forma. Entrada Núm. 18. Notificada el 29 de julio de 2025.

cuanto a que éste reside en Puerto Rico desde el año 2019 y no presentó la demanda de divorcio desde esa fecha.

Finalmente, el foro primario indicó que el señor Foltz podía someterse a la jurisdicción del foro judicial de Florida y pudo haber presentado la demanda de divorcio desde el año 2020, por lo que rechazó el planteamiento del apelante de que, con la determinación judicial emitida, quedaría desprovisto de remedios.

Aún inconforme, el apelante acude ante nos[13] y señala los siguientes errores:

> **PRIMER ERROR**:
> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda de divorcio fundamentado en que ya existía un caso de divorcio radicado en el Estado de Florida, a pesar de que, en dicho caso al demandado, al día de hoy, dicho tribunal [sic] no ostenta jurisdicción sobre el peticionario pues éste no ha sido emplazado y solamente existe un foro con jurisdicción sobre la persona y la materia, este es, Puerto Rico.

> **SEGUNDO ERROR**:
> Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda de divorcio al aplicar la doctrina del *forum non conveniens* sin la celebración de una vista y sin que la parte peticionada demostrase fundamento alguno para ello, más allá de alegar que había radicado una demanda de divorcio primero en el Estado de Florida.

Por su parte, la señora Foltz acreditó su alegato en oposición el 12 de septiembre de 2025 por lo que, con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. La doctrina de *forum non conveniens*

Como es sabido, en Puerto Rico, somos una sola jurisdicción. *Ramírez Sainz v. SLG Cabanillas,* 177 DPR 1, 36 (2009). Por lo tanto, de ser necesario transferir un caso de una región judicial a otra, se hace mediante el traslado tipificado en las Reglas 3.1 y 3.5 de Procedimiento Civil, *supra.* Sin embargo, en el ámbito extra-jurisdiccional, la Regla 4.7 de Procedimiento Civil, *supra,* permite a

---

[13] El 18 de agosto de 2025, emitimos una *Resolución* en la que tomamos conocimiento de que la revisión judicial que interesa el señor Foltz es de una sentencia final, por lo que acogimos el recurso intitulado *Petición de Certiorari* como una apelación y conservamos el alfanumérico asignado para fines administrativos.

un tribunal adquirir jurisdicción sobre una persona cuando ésta tenga contactos mínimos en Puerto Rico. *Ramírez Sainz v. SLG Cabanillas,* supra*,* pág. 37.

Conforme a la doctrina del foro más conveniente o *forum non conveniens*, antes de analizar si procede acoger una moción de esta naturaleza, el foro de instancia está obligado a dilucidar si goza de jurisdicción sobre las partes y la materia. *Íd.,* pág. 38. Por consiguiente, esta doctrina "presupone la existencia de jurisdicción por ambos foros[.]" *SLG Valencia v. García García*, 187 DPR 283, 326 (2012).

Superado lo anterior, la parte demandada que invoque esta doctrina habrá de demostrar que el foro doméstico es claramente inapropiado, y que existe un tribunal en otro Estado – que también ostenta jurisdicción – y que es palmariamente el más apropiado para resolver la controversia. *Ramírez Sainz v. SLG Cabanillas,* supra*,* pág. 38. En cuyo caso, el tribunal doméstico tiene discreción para paralizar los procedimientos y conceder un término a la parte demandante para presentar su reclamación en el foro más adecuado. *Íd.*

Una vez el foro alternativo asuma jurisdicción, o si la parte demandante no presenta su acción en el foro alternativo dentro del tiempo concedido, procede la desestimación de la demanda original. *Íd.* Por el contrario, si la parte demandante presenta oportunamente su reclamación y el foro alternativo determina no asumir jurisdicción, el tribunal doméstico original debe continuar con los procedimientos. *Íd.* Lo anterior, con el propósito de asegurar que un tribunal competente considere el reclamo de una parte diligente. *Íd.*

Al determinar si un foro es o no apropiado, el foro de instancia debe considerar los siguientes factores:

> [L]a conveniencia para las partes de litigar en el Estado donde se encuentra el foro; la localización de las fuentes de prueba y los mecanismos para obtenerlas; si la petición para paralizar se presenta en un momento oportuno; los términos

prescriptivos; el reconocimiento de sentencias y la posibilidad de ejecutar la sentencia en el país donde el demandado tiene sus bienes.

*Íd.,* pág. 39 (nota al calce omitida).

Cabe resaltar que lo anterior es ilustrativo, "pues el foro de instancia debe escrutar la sustancia de la disputa y evaluar los criterios realmente pertinentes." *Íd.,* (nota al calce omitida). En ese sentido, el Máximo Foro judicial indica que, a manera de ejemplo, "al evaluar el factor de acceso relativamente fácil a las fuentes de prueba, el tribunal debe sopesar si realmente se requiere presentar la prueba anunciada y si ésta es vital o pertinente a la causa de acción de los demandantes o para cualquier defensa potencial de la acción." *Íd.,* (nota al calce omitida).

Por último, es menester destacar que, como parte de la opinión expuesta en *Ramírez Sainz v. S.L.G. Cabanillas,* supra a la pág. 24, el Alto Foro resaltó que "el Tribunal Supremo de Estados Unidos resolvió que la decisión de declarar con lugar o denegar una moción de *forum non conveniens* queda a la discreción del tribunal y solamente puede revocarse cuando hay un claro abuso de esa discreción. Cuando el tribunal de instancia considera de manera razonable todos los factores públicos y privados aplicables, su decisión se revisará en un marco de deferencia sustancial. (citas suprimidas).

Cónsono con lo anterior, en ausencia de prejuicio, parcialidad, error manifiesto, o abuso de discreción, los pronunciamientos de los foros de instancia serán sostenidos por los foros apelativos. *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 709 (2012); *SLG Rodríguez v. Nationwide,* 156 DPR 614, 623 (2002).

### B. El divorcio

Nuestro Código Civil establece que el matrimonio puede disolverse mediante el divorcio. Artículo 423 del Código Civil, 31 LPRA sec. 6761. A su vez, dispone que la disolución del vínculo

matrimonial por divorcio puede declararse mediante sentencia judicial o por escritura pública. Artículo 424 del Código Civil, 31 LPRA sec. 6771.

Asimismo, el Artículo 424 de la referida pieza legislativa precisa lo siguiente en cuanto a los requisitos jurisdiccionales para incoar un proceso de divorcio por sentencia:

> Ninguna persona puede solicitar u obtener la disolución de su matrimonio por divorcio, de conformidad con las disposiciones de este Código, si no ha residido en Puerto Rico por un año, de manera continua e inmediatamente antes de presentar la petición, a menos que los motivos que dan lugar a la petición individual en que se funde haya ocurrido en Puerto Rico o cuando uno de los cónyuges reside aquí. El periodo de residencia del cónyuge promovente puede ser menor si la muerte presunta del cónyuge ocurre en Puerto Rico.

31 LPRA sec. 6771.

### III.

En el recurso ante nuestra consideración, el apelante señala al TPI por la comisión de dos (2) errores, los que, por estar íntimamente relacionados entre sí, los discutiremos en conjunto. Esencialmente, sostiene que el foro primario erró al archivar la causa de acción incoada en virtud de la doctrina de *forum non conveniens*. No le asiste la razón.

El apelante aduce que la presentación del pleito judicial similar en Florida y con anterioridad al de autos, no convierte la jurisdicción local en la menos adecuada, máxime cuando aún no ha sido emplazado en el procedimiento judicial ante el foro extranjero. Además, arguye que el foro primario debió constatar, mediante la celebración de una vista evidenciaria, que no es el foro más adecuado para dirimir la controversia y que el foro extranjero, en efecto, ostenta jurisdicción.

En primer lugar, la doctrina de *forum non conveniens* no requiere que todas las partes hayan sido emplazadas en el foro extranjero. Como vimos, la doctrina establece que los foros locales pueden paralizar los procedimientos ante sí y concederle un término al demandado para *presentar su reclamación en el foro más*

*adecuado*, tras resolver que, efectivamente, existe un foro extranjero más adecuado para atender la controversia. *Ramírez Sainz v. SLG Cabanillas*, supra, pág. 38.

Cabe resaltar que lo antes no se refleja en el cuadro fáctico aplicable al presente caso toda vez que, con anterioridad a la presentación del caso de autos, la señora Foltz ya había incoado el pleito de divorcio en el foro judicial de Florida.

Por otro lado, tampoco identificamos que la normativa establecida impone el deber sustantivo a las salas del Tribunal de Primera Instancia de celebrar una vista evidenciaria a los fines de resolver si es de aplicación la figura de *forum non conveniens*. En la jurisprudencia relacionada a dicha doctrina, se expone la naturaleza discrecional en el ejercicio adjudicativo.

Al entender sobre la presente causa, colegimos que el apelante no fue privado de su debido proceso de ley, por no haberse celebrado una vista evidenciaria. Todo lo contrario. De nuestro examen sosegado del expediente antes nos, observamos que, el señor Foltz estuvo en posición, y así lo hizo, de exponer sus planteamientos de por qué, a su parecer, no existía un foro extranjero más adecuado que el local para entender el pleito. Sin embargo, el TPI sopesó los méritos de los argumentos y quedó convencido de que el caso similar instado -con anterioridad- ante el foro judicial en Florida debe continuar su curso por ser el foro más adecuado para dilucidar la totalidad de las controversias entre las partes. En ese sentido, el foro primario justipreció correctamente las posiciones de ambas partes sin indicios de pasión, prejuicio, parcialidad, error manifiesto o abuso de discreción. En ausencia de ello, esta Curia sostendrá la determinación del foro primario. *Trans-Oceanic Life Ins. v. Oracle Corp., supra,* pág. 709; *SLG Rodríguez v. Nationwide, supra,* pág. 623.

Siendo así, el señor Foltz no ha presentado argumentos que sostengan su postura y nos muevan a intervenir con la determinación del foro primario. Los errores señalados por el apelante no se cometieron.

**IV.**

Por los fundamentos que anteceden, resolvemos confirmar la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones